**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0390-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

SAMUEL S. JAMES,

    Defendant-Appellant.

_____

Submitted April 28, 2021 – Decided July 1, 2021

Before Judges Alvarez and Geiger.

On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Indictment No. 17-06-0615.

Joseph E. Krakora, Public Defender, attorney for appellant (Craig S. Leeds, Designated Counsel, on the brief).

Scott A. Coffina, Burlington County Prosecutor, attorney for respondent (Alexis R. Agre, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Samuel S. James appeals the Law Division's June 18, 2019 denial, after an evidentiary hearing on one issue, of his post-conviction relief (PCR) petition. We affirm.

Defendant was sentenced on September 15, 2017, to thirty years of imprisonment subject to thirty years of parole ineligibility, pursuant to his plea of guilty to first-degree murder, N.J.S.A. 2C:11-3(a)(1), (2). The charge arose from an August 20, 2016 incident, during which defendant fired four shots at a particular individual, striking and killing a bystander instead. Defendant appealed and the matter was placed on the excessive sentence calendar and affirmed on February 8, 2018. See R. 2:9-11.

Defendant's PCR petition alleged, among other things, that his appellate counsel was ineffective in failing to file a direct appeal of his sentence and in declining to withdraw his appeal so that he could file a motion to withdraw his guilty plea. He further alleged trial counsel was ineffective for failing to properly investigate, failing to thoroughly advise him regarding his plea, and coercing him into entering the plea agreement. Defendant's petition also sought leave to withdraw his guilty plea.

2

On June 4, 2019,[1] the judge rendered a written decision denying PCR relief on all of defendant's points except the alleged coercion—on that score, the court granted an evidentiary hearing. The judge's thorough and cogent written opinion addressed each claim. He denied defendant's request to withdraw his guilty plea, because he lacked valid defenses to the charges, a claim of innocence, or any other grounds as enumerated in State v. Slater, 198 N.J. 145, 157-58 (2009).

In order to decide the matter, the judge reviewed the transcript of defendant's guilty plea, noting that defendant acknowledged that on the date in question he fired a handgun towards the person with whom he had conflicts in the past. At the time, a group of people was standing on the street, and despite his intent to shoot one person, he struck another. The victim was in close proximity at the time, and defendant fired four shots. During the plea colloquy, although defendant would only acknowledge aiming to cause serious bodily injury, he admitted that he fired the weapon knowing it could cause a person's death. The judge who accepted the factual basis for the plea explicitly asked defendant if he agreed "that when you shoot a gun into people who are in close

---

[1] Defendant appeals that decision as well.

A-0390-19

proximity to each other, you might hit the wrong person?" Defendant responded in the affirmative, and also agreed that knowing this, he shot the gun anyway.

Defendant was twenty-seven years old when he pled guilty and had attended "some college." He said he was mentally capable of making the decision, was not under the influence, had discussed the matter thoroughly with his attorney, and understood the parameters of the recommended sentence—thirty years subject to thirty years of parole ineligibility, as opposed to the maximum of life in prison. Defendant said no one threatened or coerced him into entering into the agreement, and that no promises had been made in order to compel him to plead guilty. He had reviewed discovery with his attorney, she had answered all of his questions, and he was satisfied with her representation. Counsel negotiated the recommended sentence despite defendant's nine prior juvenile adjudications and four prior indictable convictions. He had no questions of counsel or the court.

Insofar as the evidentiary hearing, the judge stated that contrary to defendant's assertions, counsel certified that she did not coerce defendant into pleading guilty, thus an evidentiary hearing was necessary. The answer to the coercion claim required credibility determinations only possible after the court heard from the witnesses.

A-0390-19

After the hearing, the court found trial counsel credible, and defendant incredible. He noted defendant had difficulty in answering questions, and "[h]is testimony seemed focused on wanting to convey that he did not intend to kill the victim who was a good friend of his." Defendant was unable to explain the reason, if his sole purpose was to merely frighten the intended victim, that he had fired a gun at a group of people. When asked why he said during the entry of the guilty plea that he was not threatened or coerced by anyone, and was now claiming that he had been coerced by his attorney, defendant's reply focused on his desire for "the truth to be out there that ultimately he did not mean to kill anybody." Since counsel for defendant was found to be credible, and she denied coercing defendant into pleading guilty, the judge resolved this final question against defendant.

Now on appeal, defendant raises five points:

POINT I

[DEFENDANT] WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN VIOLATION OF THE UNITED STATES AND NEW JERSEY CONSTITUTIONS AND THE [TRIAL] COURT ERRED IN CONCLUDING OTHERWISE.

A. THE PREVAILING LEGAL PRINCIPLES REGARDING CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL,

A-0390-19

EVIDENTIARY HEARINGS AND PETITIONS FOR POST-CONVICTION RELIEF.

B.    TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO PROPERLY INVESTIGATE THE CASE.

C.    TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO ADEQUATELY EXPLAIN THE PENAL CONSEQUENCES OF THE PLEA AND FOR FAILING TO FILE A MOTION TO WITHDRAW FROM THE PLEA.

D.    [DEFENDANT] WAS COERCED BY TRIAL COUNSEL INTO PLEADING GUILTY AND THE TRIAL COURT ERRED IN CONCLUDING . . . OTHERWISE.

POINT II

THE CUMULATIVE EFFECT OF THE ERRORS COMPLAINED OF RENDERED THE PROCEEDINGS UNFAIR.

POINT III

[DEFENDANT] WAS DENIED THE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL.

POINT IV

THE [TRIAL] COURT ERRED IN DENYING [DEFENDANT'S] MOTION TO WITHDRAW FROM THE PLEA PURSUANT TO STATE v. SLATER, 198 N.J. 145 (2007).

A-0390-19

POINT V

THE [TRIAL] COURT ERRED IN DENYING
[DEFENDANT] AN EVIDENTIARY HEARING ON
THE MAJORITY OF CLAIMS CONCERNING
INEFFECTIVE ASSISTANCE OF COUNSEL.

In light of the trial judge's thorough and cogent analysis in denying defendant's PCR petition, we conclude the points are so lacking in merit as to not warrant extended discussion in a written opinion. R. 2:11-3(e)(2).

We review decisions to proceed without an evidentiary hearing for abuse of discretion. State v. L.G.-M., 462 N.J. Super. 357, 365 (App. Div. 2020). As to issues other than coercion, defendant has failed to establish abuse of discretion. The judge's findings as to credibility are unassailable, thus making his conclusion that no coercion occurred after the hearing unassailable.

Now on appeal, defendant for the first time contends that the court's failure to explain the five years of parole supervision called for by his sentence warrants vacating his guilty plea. But defendant fails to establish how the absence of notice regarding the five years of parole supervision was material to his decision to enter a guilty plea. See State v. Johnson, 182 N.J. 232, 241 (2005). Had defendant been convicted after trial, he likely would have faced a significantly lengthier sentence in light of his prior criminal history and the circumstances of this offense. It is not credible that the five years of parole

supervision would have affected defendant's decision given his sentencing exposure.

Defendant also continues to contend he should be permitted to withdraw from his guilty plea despite his entire failure to meet the Slater factors. He is unable to raise a colorable claim of innocence. See Slater, 198 N.J. at 157-58. Other than unsupported claims of ineffective assistance of counsel and his own change of heart, he has no reason for withdrawal. See id. at 159. He simply has not satisfied the Slater factors.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0390-19